UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CYNTHIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:13-cv-01659-SEB-DKL |
| WESTERN & SOUTHERN LIFE | ) |
| COMPANY a Ohio-based corporation, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE ARBITRATION AGREEMENT**

This cause is before the Court on Defendant's Motion to Dismiss Complaint and Enforce Arbitration Agreement [Docket No. 14], filed on January 27, 2014. Plaintiff, Cynthia Johnson, proceeding *pro se*, brings this action against her former employer, Defendant Western & Southern Life Company ("Western & Southern"), alleging that she was discriminated against because of her age, gender, and race, in violation of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 1981, and other statutes. Ms. Johnson also alleges various state law claims, including intentional infliction of emotional distress, intentional interference with a contractual relationship, and negligence claims. Defendant contends that, as a condition of her employment, Ms. Johnson signed a valid arbitration agreement that requires her to arbitrate employment-related disputes, including discrimination, breach of contract, and tort claims to arbitration, and thus requests that the Court dismiss Ms. Johnson's complaint and enforce the arbitration

1

agreement. Defendant also seeks to recover all costs and attorney's fees resulting from Ms. Johnson pursuing her claims in court rather than in arbitration.

## Factual Background

Plaintiff Cynthia Johnson began working for Defendant Western & Southern as a sales representative in 2007 and was transferred to Indianapolis and promoted to a sales manager position in August 2010. At that time, she signed a "Sales Manager's Agreement" that described the terms and conditions of her employment. Two years later, in August 2012, Ms. Johnson stepped down from her sales manager position and returned to work as a sales representative. As a result of that change, Ms. Johnson signed a "Sale's Representative Agreement" that described the terms and conditions of her employment in that position. On March 27, 2013, Ms. Johnson resigned.

Section III of Ms. Johnson's sales representative employment agreement with Western & Southern is entitled "Dispute Resolution Program" and provides that, by signing the agreement, employees agree: "[n]ot to commence any action or suit relating to your employment by Western & Southern, but, instead, follow the Dispute Resolution Program ('DRP') of the Company as set forth in the form(s), which you signed, and the DRP Booklet, described therein, as your exclusive remedy for any claims you may have that are covered by the DRP." Exh. 2, Section III.B. Section III of the agreement further states that employees agree: "[n]ot to commence any arbitration or action under the DRP or otherwise relating to your employment with Western & Southern more than six months after the date of termination of such employment, and to waive any statute of limitation to the contrary." Exh. 2, Section III.C. The sales manager agreement Ms.

2

Johnson signed in August 2010 included virtually identical provisions. Exh. 1, Section III.B-C.

Ms. Johnson also signed an Agreement and Receipt for Dispute Resolution Program ("DRP Agreement") when she was promoted to sales manager in August 2010 and on three separate occasions in August 2012 when she returned to the sales representative position. The DRP Agreement provides: "all legal claims … covered by this Agreement must be submitted to binding arbitration" and that arbitration is the "sole and exclusive final remedy for resolving any such claim." Exh. 3 at 1. The DRP Agreement further provides that:

> All legal claims, including … claims for any breach of contract; … tort claims; … discrimination (including, but not limited to, claims based on race, sex, … [or] age … whether under federal, state, or local law); claims for violation of any other non-criminal federal, state, or other governmental law, statute, regulation or ordinance; and claims for retaliation under any law, statute, regulation, or ordinance. … The DRP Booklet contains a further description of claims that are included or excluded from the DRP.

*Id.* The DRP Booklet, explicitly made part of the DRP Agreement (*id.* at 2), provides details for resolving workplace issues under the DRP. It also lists the only claims that are not subject to arbitration, none of which is relevant here. Exh. 4 at 4. The DRP Booklet also states (in bold font) that "[t]his DRP will prevent you from filing a lawsuit in court for individual relief for a legal claim subject to arbitration." *Id.* at 6.

Under the DRP process, an arbitrator may award to the prevailing party any relief that might be sought in a court of law. *Id.* at 2. However, "[i]f either party pursues a legal claim covered by the DRP in court, the responding party shall be entitled to a stay

3

or dismissal of such action … and the recovery of all costs and attorneys' fees and expenses related to such action." *Id.* at 5.

On October 17, 2013, Ms. Johnson filed the pending action against Western & Southern, alleging age, gender, and race discrimination based on various federal statutes, breach of contract/promissory estoppel, negligence, intentional infliction of emotional distress, intentional interference with a contractual relationship, abuse of process, and defamation. Western & Southern filed the instant motion to dismiss and enforce arbitration agreement on January 27, 2014.

## Legal Analysis

### I. Enforceability of Arbitration Agreement

The Federal Arbitration Act ("FAA") and Indiana law govern this dispute. Section 2 of the FAA provides that "[a written] contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. If the court is "satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. If arbitration is ordered, the court must also stay the proceedings until such arbitration occurs, "providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3.

To successfully compel arbitration "a party need only show: 1) an agreement to arbitrate, 2) a dispute within the scope of the arbitration agreement, and 3) a refusal by the opposing party to proceed to arbitration." *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006) (citations omitted). Each of these elements is satisfied here.

A.  **Agreement to Arbitrate**

For purposes of the first element, an agreement to arbitrate must be in writing, "evidenc[e] a transaction involving commerce," and satisfy state law. 9 U.S.C. § 2. The DRP at issue here is a written instrument, and thus, meets the writing requirement.

The DRP also satisfies the commerce requirement. In *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 118-24 (2001), the United States Supreme Court addressed this issue, holding that arbitration agreements between employers and employees are "transaction[s] involving commerce." *See also Thompson v. Affiliated Computer Servs., Inc.*, No. 1:11-cv-1232, 2011 WL 5837174, at *1 (S.D. Ind. Nov. 18, 2011) ("The breadth of 'involving interstate commerce' is as expansive as that of the Commerce Clause.") (citing *Allied-Bruce Terminix Co.'s, Inc. v. Dobson*, 513 U.S. 265, 273-74 (1995)).

Finally, the DRP complies with Indiana law. To be enforceable, an arbitration agreement must be a valid contract. *See Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997) (citations omitted). Under Indiana law, a valid contract must contain an offer, acceptance, and consideration. *Kreimer v. Delta Faucet*

*Co.*, No. IP99-1507-C-TG, 2000 WL 962817, at *2 (S.D. Ind. June 2, 2000) (citing *Zemke v. City of Chicago*, 100 F.3d 511, 513 (7th Cir. 1996)). Here, Western & Southern made an offer to Ms. Johnson when it provided her a copy of the DRP, which outlined a method for resolving potential conflicts. By signing the acknowledgement form in 2010 and 2012, which provided that she had read and understood the DRP, Ms. Johnson accepted the offer of the dispute-resolution method in writing. The DRP is also supported by adequate consideration because both parties agreed to a limitation on the avenues available for dispute resolution; to wit, Ms. Johnson agreed to arbitrate future disputes in exchange for continued employment and Western & Southern in turn agreed to be bound by the arbitrator's agreement. *See Kreimer*, at *3 ("In addition to the continued eligibility for at-will employment, consideration can also be found by way of [the defendant's] agreement to be bound by the arbitrator's decision, thereby waiving its right to seek judicial determination of a raised claim.") (citing *Koveleskie v. SBC Capital Mkts., Inc.*, 167 F.3d 361, 366, 368 (7th Cir. 1999) (holding that an arbitration agreement signed as a condition of employment was supported by adequate consideration because the plaintiff promised to arbitrate future disputes in exchange for continued employment and both parties were bound by the terms of the agreement)).

For these reasons, we hold that the DRP is an agreement to arbitrate, as contemplated within the FAA.

**B.     Scope of the Agreement**

The instant dispute between Ms. Johnson and Western & Southern falls within the scope of the DRP. The DRP expressly covers all of the claims raised by Ms. Johnson in this litigation, specifically providing that "claims for any breach of contract," "tort claims," and disputes related to "discrimination (including, but not limited to, claims based on race, sex, … [or] age … whether under federal, state, or local law)" must be arbitrated. It is well-settled that parties may agree to arbitrate such claims. *See, e.g.*, *Koveleskie*, 167 F.3d at 365 (holding mandatory arbitration of Title VII claims permissible and collecting cases); *Fischer v. Beazer Homes, Inc.*, No. 1:10-cv-1186, 2011 WL 6092177, at *2-*4 (S.D. Ind. Dec. 6, 2011) (compelling arbitration of breach of contract and tort claims). Thus, the second element necessary for compelling arbitration is satisfied.

### C. Refusal to Arbitrate

Ms. Johnson has opposed arbitration. She filed her lawsuit in federal court instead of proceeding according to the terms of the DRP and she has filed her opposition to Western & Southern's motion to enforce arbitration. Accordingly, we find that she has demonstrated an unwillingness to arbitrate, satisfying the third element necessary for compelling arbitration.

Additionally, there is no indication that Western & Southern has waived its right to compel arbitration by acting "inconsistently with the right to arbitrate." *DeGroff v. MascoTech Forming Technologies-Fort Wayne, Inc.*, 179 F. Supp. 2d 896, 912 (N.D. Ind. 2001) (citations omitted). Here, Western & Southern filed the instant motion as a

response to Ms. Johnson's complaint and before submitting an answer. *Id.* at 913 (finding no delay or waiver where the defendant filed a motion to compel before submitting answer); *see also Sharif v. Wellness Int'l Network Ltd.*, 376 F.3d 720, 726 (7th Cir. 2004) ("[I]t is well-established that a party does not waive its right to arbitrate merely by filing a motion to dismiss."). Thus, all requirements for enforcing an arbitration agreement are met.

### D. Additional Grounds for Unenforceability

In her response in opposition to the instant motion, Ms. Johnson argues that the arbitration agreement is unconscionable and thus unenforceable because she signed it under duress. Ms. Johnson asserts that before she signed the DRP Agreement for the final time Western & Southern told her that if she did not sign it, she would "just have to leave today" and that she "would no longer have a job." Pl.'s Resp. at 2. Ms. Johnson contends that her supervisor then asked her how long she thought she could care for her son if she did not have a job. According to Ms. Johnson, she only signed the DRP Agreement because she "wanted to just be left alone" as she was then still grieving the death of her father who had passed away in a house fire two weeks prior. *Id.*

Like other contracts, arbitration agreements may be invalidated by "generally applicable contract defenses, such as fraud, duress, or unconscionability." *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (citation and quotation marks omitted). Questions of substantive arbitrability "which include certain gateway matters, such as whether parties have a valid arbitration agreement at all or whether a concededly

8

binding arbitration clause applies to a certain type of controversy – are presumptively for courts to decide." *Oxford Health Plans LLC v. Sutter*, 133 S.Ct. 2064, 2068 n.2 (2013). However, the United States Supreme Court has recognized that parties can agree to arbitrate such "gateway" issues. *Rent-A-Center*, 561 U.S. at 68-69. Here, the parties signed a clause almost identical to the "delegation clause" upheld by the Supreme Court in *Rent-A-Center*, which provides:

> [T]he arbitrators, and not any federal … court … shall have exclusive authority to resolve any dispute relating to the interpretation, arbitrability, applicability, enforceability or formation of the agreement to arbitrate including, but not limited to, any claim that all or any part of the agreement to arbitrate is void and voidable.

Docket No. 15-4 at 6.

In *Rent-A-Center*, the Supreme Court held that unless the plaintiff specifically challenges the delegation provision (as opposed to challenging the validity of the agreement as a whole), courts "must treat [the delegation provision] as valid under § 2 [of the FAA], and must enforce it under §§ 3 and 4, leaving any challenge to the validity of the [a]greement as a whole for the arbitrator." 561 U.S. at 72. Here, Ms. Johnson has not specifically challenged the delegation provision, but rather has challenged the Employment Agreement and the DRP Agreement in its entirety. For example, she requests that the Court find "the entire Sales Representative's Agreement unenforceable and void" because it is "both Procedural[ly] and Substantive[ly] unconscionable." Pl.'s Resp. at 1. Ms. Johnson also argues that the "complete sales representative's agreement including the dispute resolution program and the arbitration clause … is forced on you (a

9

take it or leave it basis ….." *Id.* at 2. Finally, Ms. Johnson argues that "Defendant voided the contract … with illegal actions" and "voided the Sales Representative Agreement with their illegal acts." *Id.* at 5. Because Ms. Johnson's challenge is to the entire contract as a whole, rather than specifically the delegation provision, her allegations regarding the enforceability of the Employment and DRP Agreements are misplaced in this forum.

## II. Timeliness of Arbitration Claim

Generally, "the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings rather than to dismiss outright." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 561 (7th Cir. 2008) (citations omitted). Here, however, Western & Southern has requested that Ms. Johnson's claim be dismissed rather than stayed pending arbitration because she failed to file an arbitration claim within six months of her termination as required under her employment agreement, and thus, is barred from now pursuing arbitration.

"Indiana law generally holds that 'contractual limitations shortening the time to commence suit are valid, at least so long as a reasonable time is afforded.'" *New Welton Homes v. Eckman*, 830 N.E.2d 32, 35 (Ind. 2005) (quoting *Summers v. Auto-Owners Ins. Co.*, 719 N.E.2d 412, 414 (Ind. Ct. App. 1999)). Courts assessing six-month limitations periods for claims similar to those brought by Ms. Johnson have found the period to be reasonable. *E.g.*, *Taylor v. Western and Southern Life Ins. Co.*, 966 F.2d 1188, 1206 (7th Cir. 1992) (holding that six-month limitations period for § 1981 claim was reasonable

10

and noting that "Title VII provides no public policy contrary to the six-month limitation of actions clause"). Accordingly, we hold that the six-month limitations period contained in the employment agreement at issue here was reasonable, and thus, that Ms. Johnson's claim must be dismissed rather than stayed pending arbitration as she is time-barred from now attempting to pursue arbitration.

## III. Attorney Fees

Finally, Western & Southern argues that it is entitled to recover all costs and attorney fees and expenses as a result of Ms. Johnson pursuing her claims in federal court rather than under the DRP. As noted above, the DRP Booklet includes a provision stating: "[i]f either party pursues a legal claim covered by the DRP in court, the responding party shall be entitled to a stay or dismissal of such action … and the recovery of all costs and attorneys' fees and expenses related to such action." Exh. 4 at 5.

We have recognized that "[c]ourts *may* order fee awards where previously provided for by the parties themselves in a contract." *Marsh Supermarkets, Inc. v. Marsh*, No. 1:09-cv-00458, 2013 WL 5719006, at *3 (S.D. Ind. Oct. 18, 2013) (emphasis added). However, given that Ms. Johnson is proceeding *pro se* and has represented that she cannot afford to procure an attorney for herself, we decline at this juncture to require her to pay Western & Southern's attorney fees and costs under these circumstances. She must, however, bear the expenses and costs she herself has incurred in filing this lawsuit.

## IV. Conclusion

For the reasons detailed above, we <u>GRANT</u> Defendant's Motion to Dismiss and Enforce Arbitration Agreement. Final judgment shall issue accordingly.

IT IS SO ORDERED.

Date: _____9/3/2014_____          _____
                                        SARAH EVANS BARKER, JUDGE
                                        United States District Court
                                        Southern District of Indiana

Distribution:

CYNTHIA JOHNSON
6849 Capitol Ln. #C
Avon, IN 46123

Michael P. Palmer
BARNES & THORNBURG - South Bend
mpalmer@btlaw.com

R. Holtzman Hedrick
BARNES & THORNBURG LLP
holt.hedrick@btlaw.com